IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROSALINO PEREZ-BEMOTES,
LUIS ALBERTO ASENCIO-VASQUEZ,
and PASCUAL NORIEGA-NARVAEZ,
individually and on behalf of all others
similarly situated                                                              PLAINTIFFS

VS.                                            CASE NO. 07-CV-1048

CANDY BRAND, LLC, ARKANSAS
TOMATO SHIPPERS, LLC, CHARLES
SEARCY, RANDY CLANTON, DALE
MCGINNIS, and BROOKS LISENBY                                         DEFENDANTS

## ORDER

Before the Court is a Motion for More Definite Statement filed on behalf of the Defendants, Arkansas Tomato Shippers, LLC, Charles Searcy, Randy Clanton, Dale McGinnis and Brooks Lisenby. (Doc. No. 17). The Plaintiffs have responded. (Doc. No. 24). The Defendants have filed a reply to Plaintiffs' response. (Doc. No. 25). The matter is ripe for consideration.

This lawsuit was filed by three Mexican workers who entered the United States on H-2A guest-worker visas to harvest and pack tomatoes and perform other agricultural work for the Defendants in and around Bradley County, Arkansas. They are pursuing this action against the Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, Arkansas contract law, and the federal common law of contracts. These H-2A workers claim that the Defendants failed to pay them the promised wage for all hours worked, failed to reimburse

them for travel, visa and hiring fees expended for the benefit of the Defendants and failed to pay them the hourly wages and overtime required by federal law. They are suing on behalf of themselves and a class of approximately 2700 similarly situated workers who entered the United States with H-2A visas to perform agricultural work for the Defendants during 2002-2007.

Defendant Candy Brand, LLC has filed an Answer to the Plaintiffs' Complaint. Defendants Arkansas Tomato Shippers LLC, Charles Searcy, Randy Clanton, Dale McGinnis and Brooks Lisenby have filed the pending Motion for More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## DISCUSSION

The Federal Rules of Civil Procedure provide that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). Such a motion should not be granted unless the Complaint is so vague or ambiguous as to be unintelligible "that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself." 5C Wright & Miller, Federal Practice & Procedure: Civil 3d §1376 at 311 (2004). This is a stringent standard that is rarely met in light of the liberal notice pleading standards of the federal rules which require only "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 12(e); *Meridian Enterprises Corp. v. Bank of America Corp.,* 2006 WL 3210497, at *1 (E.D.Mo. Nov. 3, 2006). It is a "remedy for unintelligible pleadings; not a tool to correct a claimed lack of detail." *Kia Motors America Inc. v. Autoworks Distributing,* 2006 WL 2943306, at 3* (D.Minn. Sept. 28, 2006).

Defendants argue that they are unable to frame a response to Plaintiffs' Complaint because it makes vague and ambiguous allegations against the "Defendants" rather than specific allegations against the individual defendants.

Rule 8(a) of the Federal Rules of Civil Procedure requires that every pleading setting forth a claim for relief contain 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief that pleader seeks.  In this case, Plaintiffs' Complaint sets forth the grounds for the Court's jurisdiction, (29 U.S.C. § 216(b)(Fair Standards Labor Act), 28 U.S.C. §1331 (federal question), 28 U.S.C. §1337 (action arising under Acts of Congress regarding commerce), and 28 U.S.C. §1367 (supplemental jurisdiction over state law claims).  It sets forth the claims on which it is seeking relief (breach of contract and violations of the FLSA).  It makes a demand for judgment based upon those claims.  In reviewing the Complaint, the Court does not believe that it is so unintelligible as to these Defendants that they cannot reasonably frame a responsive pleading.  Therefore, the Court finds that the Defendants' Motion for More Definite Statement should be and hereby is **denied**.

IT IS SO ORDERED,  this 21st day of November, 2007.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge