IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROSALINO PEREZ-BENITES, et al.                                         PLAINTIFFS

VS.                              CASE NO. 07-CV-1048

CANDY BRAND, LLC, et al.                                              DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Plaintiffs' Motion for Certification of Rule 23 Class Action. (Doc. 68). Defendants have responded. (Docs. 70, 141, 142, 148). Plaintiffs have replied to Defendants' response. (Docs. 74, 152). The Court finds this matter ripe for consideration.

### I. BACKGROUND

This lawsuit was filed by three agricultural workers who entered the United States in 2005 and 2006 with H-2A temporary work visas primarily to grow, harvest, and pack peppers and tomatoes for Defendants in and around Bradley County, Arkansas. Plaintiffs contend that Defendants violated their rights as set forth in their uniform employment contracts.[1] Plaintiffs move the Court for a determination that Plaintiffs' contract claims may be maintained as a class action under Federal Rule of Civil Procedure 23.

The contracts were virtually identical for all potential class members between 2003 and 2007. Plaintiffs allege that Defendants' policies and practices resulted in breaches of their standard work

---

[1] Plaintiffs also allege that Defendants violated their rights, and the rights of those similarly situated, by failing to comply with the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. The Court has conditionally certified the Fair Labor Standards Act claims of Plaintiffs as a collective action pursuant to 29 U.S.C. § 216(b). (Doc. 66).

contracts. Specifically, Plaintiffs allege: (1) that Defendants paid H-2A field workers $50 per day during the harvest season, resulting in their earning less than the hourly adverse effect wage rate ("AEWR") mandated by the government for every hour they were employed; (2) that Defendants required the H-2A workers to bear their recruitment, passport, visa, transportation and border crossing expenses, causing them to not earn the AEWR during their first workweek; (3) that the requirement that the H-2A workers bear their recruitment, passport, visa, transportation and border crossing expenses resulted in them not earning the Fair Labor Standards Act minimum wage during the first workweek; (4) that Defendants only provided the H-2A workers with travel and subsistence payments of $100 upon completion of the fifty percent period of the contract, resulting in a violation of the contract that required payment of transportation expenses from the place of recruitment, plus daily subsistence payments; (5) that Defendants did not provide proper payment for return transportation and daily subsistence upon completion of the contract period, which violated a condition of the contract; (6) that Defendants failed to provide the H-2A workers with an accurate reporting on their pay statements of the number of hours offered and the number of hours worked, resulting in a violation of the contract; and (7) that Defendants failure to pay the H-2A workers and non-H2A workers overtime wages when they performed overtime-eligible work in the packing operations, resulting in these workers not earning federally mandated overtime wages when they worked over forty hours per week, which was a violation of their contract.

Plaintiffs seek to represent two distinct classes. Class I is defined as follows:

All nonsupervisory workers employed by Defendants at any time between 2003 and the date of judgment in this matter who were employed pursuant to H-2A temporary work visas.

Class II is defined as follows:

> All nonsupervisory workers employed in the Defendants' packing shed operations at any time between 2003 and the date of judgment in this matter—irrespective of visa status—who did not receive overtime pay during workweeks when they worked more than forty (40) hours.

Members of both classes are covered by the same terms and conditions contained in their uniform employment contracts; however, certain provisions of the contracts that were breached by Defendants are inapplicable to the non-H-2A workers employed by Defendants' packing shed operations. Non-H-2A workers were employed exclusively in the Defendants' packing shed operations. The Court will now decide whether Plaintiffs' contract claims may be maintained as a class action under Federal Rule of Civil Procedure 23.

## II. DISCUSSION

In this case, the Court has already conditionally certified an opt-out collective action under the FLSA. Plaintiffs are now asking the Court to certify an opt-in class action pursuant to Federal Rule of Civil Procedure 23 involving their contract claims. Defendants assert that the certification of simultaneous actions under the FLSA and Federal Rule of Civil Procedure 23 is improper. Defendants' argument seems to be that Plaintiffs' contract claims seeking damages beyond those established under the FLSA are preempted by federal law. The Court disagrees.

The FLSA authorizes workers to file private actions to recover unpaid wages, damages, costs, and attorneys' fees. 29 U.S.C. § 216(b). The Eighth Circuit has not addressed the issue of whether the remedies under the FLSA are exclusive. The Court is aware that the Fourth Circuit has held that the FLSA preempts claims that "depend on establishing that [the employer] violated the FLSA." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 193 (4th Cir. 2007). Several other district

courts outside of the Eighth Circuit have ruled that state claims are preempted by the FLSA where those claims merely duplicate the FLSA claims. *Id*. at 194. On the other hand, the Ninth Circuit has held that the FLSA does not preempt common law fraud claims and that the FLSA does not provide exclusive remedies for violating its provisions. *Williamson v. Gen. Dynamics Corp*., 208 F.3d 1144, 1151-53 (9th Cir. 2000). Also, several district court cases within the Eighth Circuit have held that the FLSA does not provide the exclusive remedy for its violations and does not preempt state law claims even when there is a common core of operative facts. *See Cortez v. Neb. Beef, Inc.*, Nos. 8:08CV90, 8:08CV99, 2010 WL 604629 (D. Neb. Feb. 16, 2010); *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 886 (N.D. Iowa 2008); *Robertson v. LTS Management Services, LLC*, 642 F. Supp. 2d 922, 928 (W.D. Mo. 2008); *Osby v. Citigroup, Inc.*, No. 07-CV-06085-NKL, 2008 WL 2074102 (W.D. Mo. May 14, 2008). Most district courts in the Eighth Circuit agree that the FLSA's savings clause, which allows states to enact stricter wage, hour, and child labor provisions, indicates that the FLSA does not provide an exclusive remedy for its violations. *Bouaphakeo*, 564 F. Supp. 2d at 882. In fact, "it would seem that state law may offer an alternative legal basis for equal or more generous relief for the same alleged wrongs." *Cortez*, 2010 WL 604629, at *6.

Here, the Court is more persuaded by the opinions of district courts within the Eighth Circuit and adopts the view that the FLSA does not provide an exclusive remedy for violations of its provisions. Accordingly, the Court does not agree with Defendants' argument that Plaintiffs' contract claims are preempted by the FLSA.

    A. <u>Rule 23(a)</u>

Plaintiffs seek certification of two distinct classes and allege that they meet all the requirements set forth in Federal Rule of Civil Procedure 23(a). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> 1) the class is so numerous that joinder of all members is impracticable;
>
> 2) there are questions of law or fact common to the class;
>
> 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> 4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The United States Supreme Court has summarized these requirements as: 1) numerosity; 2) commonality; 3) typicality; and 4) adequacy of representation. *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 613 (1997). When determining whether to grant class certification, the question is not whether the plaintiffs will ultimately prevail on the merits, but rather whether the plaintiffs have met the requirements of Rule 23(a). *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178 (1974). The party seeking class certification bears the burden of establishing each prerequisite element to certification, and the class will only be certified if, after a "rigorous analysis," the court is satisfied that all requirements of Rule 23 have been satisfied. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982).

### 1) Numerosity

Rule 23(a) requires that a class be so numerous that requiring a joinder of all members would be impracticable. *See* Fed. R. Civ. P. 23(a)(1). In order to satisfy this requirement, the class representatives do not need to show that joinder would be impossible, but only need to show that it would be extremely difficult or inconvenient to join all the members of the class. *See Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982); *Morgan v. United Parcel Service of America,*

*Inc.*, 169 F.R.D. 349, 355 (E.D. Mo. 1996). There is no set test of factors that courts use to determine if the numerosity requirement has been satisfied. *See* CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1762 (3d ed. 2005). Some factors that have been used by the courts involve the number of parties involved, the inexpediency of their joinder, or the inconvenience of trying individual suits; however, proving these factors will not automatically satisfy the requirement for numerosity under Rule 23(a)(1). *See generally Paxton*, 688 F.2d at 560; *Trevizo v. Adams*, 455 F.3d 1155 (10th Cir. 2006); *Holsey v. Armour & Co.*, 743 F.2d 199, 217 (4th Cir. 1984); WRIGHT, ET AL., *supra*, § 1762. Plaintiffs state that Class I will likely contain more than 1,600 members and Class II will contain over 1,300 members. Also, Plaintiffs point to the fact that most of the members of the class are indigent persons who do not have the financial means to bring individual litigation against Defendants. Furthermore, Plaintiffs state that most members of both classes come from rural, isolated areas of Mexico, thus making joinder of all class members highly impracticable. The Court finds that both classes have an appropriate amount of members and that requiring a joinder of all members would be impracticable, thus satisfying the numerosity requirement of Rule 23(a)(1).

### *2) Commonality*

Rule 23(a)(2) states that "questions of law or fact common to the class" must be present in order for the court to properly certify the class. *See* Fed. R. Civ. P. 23(a)(2). In analyzing the commonality requirement, it is not necessary that the plaintiffs show that all members of the class will have the same common questions of law or fact. *See Paxton*, 688 F.2d at 561. In order for the requirement of commonality to be satisfied, the court will be "determining whether there is a need for combined treatment and a benefit to be derived therefrom." *In re Asbestos School Litigation*, 104

F.R.D. 422, 428 (E.D. Pa. 1984). In the present action, Plaintiffs argue that the rate of $50 a day for Class I H-2A workers was in violation of their standardized employment contract. Next, Plaintiffs argue that by not paying their recruitment, passport, visa, transportation, and border crossing expenses, it resulted in Plaintiffs not earning the minimum wage standards set by the Fair Labor Standards Act during their first week of work. Pertaining to Class II members, Plaintiffs argue that Defendants are required to but did not pay overtime wages when their employees worked more than forty hours in a workweek. Also, both classes are seeking to hold Defendants jointly liable for the breaches of the standardized contracts they had with Plaintiffs. Even though this is just a sampling of Plaintiffs' allegations against Defendants, it shows that the Class I and II members will have common questions concerning fact and law that are susceptible to common sources of proof.

### *3) Typicality*

In order to maintain a class action under Rule 23(a)(3), "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Generally, the Eighth Circuit has stated that this requirement will be satisfied if "the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." *Paxton*, 688 F.2d at 561-62 (quoting WRIGHT, ET AL., *supra*, § 1764 n. 21.1 (Supp. 1982)). The Eighth Circuit has added that in order to meet this requirement, the representatives must show that there are other members of the proposed class that will have either the same or similar grievance as the representatives. *See Donaldson v. Pillsbury, Co.*, 554 F.2d 825, 830 (8th Cir. 1977), *cert. denied*, 434 U.S. 856 (1977). According to the allegations filed by Plaintiffs, the class representatives are alleging that all class members suffered the same or similar injuries and that the representatives are not claiming a different set of injuries. Mainly, some class

representatives are claiming that Defendants did not pay them their contractual hourly wage, while the remaining class representatives are claiming that Defendants did not pay required overtime wages for the members who worked in Defendants' packing sheds operation. These claims are identical to the claims that are being sought by the two classes as a whole; therefore, all class representatives will be seeking redress for the same harm suffered. The Court finds that representatives and class members of both classes are seeking redress from the same injuries caused by the same set of Defendants, thus satisfying the typicality requirement of Rule 23(a)(3).

### 4) Adequacy of Representation

Rule 23(a)(4) requires that in order to maintain a class action "the representative parties [must] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Eighth Circuit has a two factor test to determine if the class representatives fairly and adequately protect the interests of the class: 1) whether the class representatives have common interests with the members of the class; and 2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel. *See Paxton*, 688 F.2d at 562-63 (citing *Gonzales v. Cassidy*, 474 F.2d 67, 72 (6th Cir. 1973)). Plaintiffs argue that the class representatives' claims are analogous to the rest of the class members' claims and that the representatives will not gain any additional benefits that other members are not entitled to and that would be harmful to the rest of their respective classes. Also, the Court notes that Plaintiffs' attorneys are experienced in federal class action litigation, namely with regards to litigation involving both the Fair Labor Standards Act and federal guest worker regulations. Furthermore, the Southern Poverty Law Center, the employer of four of Plaintiffs' attorneys, is adequately funded to proceed with the litigation and has already advanced the necessary costs thus far.

Defendants argue that the class representatives have individualized claims and thus are not adequate representatives. Defendants argue that many of the expenses being sought by the representatives are not ones that will be common to the class, and that none of these expenses can be supported by receipts. Furthermore, Defendants argue that most of the representatives hail from the Tabasco region of Mexico, but in fact, most class members will come from the Morelia region of Mexico. The Court is unpersuaded by Defendants' arguments. The class representatives are class members and are alleging the same harm as the rest of the class members. Additionally, even though the representatives are from the Tabasco region of Mexico, Defendants fail to show how this will prejudice the rest of the class members, because there will be members of both classes from Tabasco and Morelia. Also, since the harm suffered by the representatives is the same as the harm suffered by the rest of the class members, the representatives' location is not likely to affect the adequacy of representation since there will be class members from both locations. For these reasons, the Court finds that the class representatives of both classes have common interests with the members of their respective classes and will adequately represent the class and thus meet the final requirement of Rule 23(a).

B. Rule 23(b)

The Court finds that Plaintiffs have met all requirements for class certification under Rule 23(a); however, in addition to meeting all the requirements listed in Rule 23(a), Plaintiffs must satisfy one of the requirements set forth in Rule 23(b). *See Windsor*, 521 U.S. at 614. In this action, Plaintiffs seek certification under Federal Rule of Civil Procedure Rule 23(b)(3). Rule 23(b)(3) allows for certification of a class when common questions of law or fact predominate over individual questions. Fed. R. Civ. P. 23(b)(3). Also, under Rule 23(b)(3), the court must find that a class

action is superior to other available methods, and therefore is a more fair and efficient way of adjudicating the controversy. *See Blades v. Monsanto Co.*, 400 F.3d 562, 569 (8th Cir. 2005); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998); *see generally In re Nassau County Strip Search Cases*, 461 F.3d 219 (2nd Cir. 2006); WRIGHT, ET AL., *supra*, § 1779.

In order to satisfy the first part of Rule 23(b)(3), Plaintiffs must show that issues of the class predominate over questions affecting individual members. Courts have held that when common questions represent a significant aspect of the case and can be resolved in a single adjudication, then it should be handled in a class action rather than on an individual basis. *See generally Blades*, 400 F.3d at 569; *In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 571 F.3d 953 (9th Cir. 2009); *Hanlon*, 150 F.3d at 1022; WRIGHT, ET AL., *supra*, § 1778. Plaintiffs argue that they satisfy the predominance test, namely, because they are seeking a remedy for a common legal grievance that is suffered by the entire class. The common claims for all class members relate to Defendants' violation of the standard employment contracts that they had with all class members, and Defendants' unlawful pay practices that were uniform throughout their operation.

Defendants' argument alleges that there is little commonality and typicality between the claims, thus a class action is inappropriate to adjudicate the litigation. Defendants argue that the disparity in dollar amounts, along with the variances in each individual Plaintiff's memory and credibility should preclude class certification. This argument fails. The fact that each class member may be owed a different amount of money or back wages does not defeat class certification under Rule 23(b)(3). *See Haywood v. Barnes*, 109 F.R.D. 568, 583 (E.D. N.C. 1986) (holding that "[t]he fact that the potential amount of damages might vary individually with the number of violations does not preclude class certification where common questions of law and fact as to liability clearly

predominate.") Furthermore, Defendants' potential liability pertaining to their alleged unlawful pay practices overshadows any individual damage issues. The Court finds that the class representatives and members of both proposed classes have similar questions of law and fact and also have a large number of class members; thus, making a class action preferable over individual actions. Variances in monetary relief is not sufficient enough to preclude class certification. *See id*. Therefore, Plaintiffs have shown that the common questions of fact and law shared by class members will predominate over questions affecting only individual members. *See* Fed. R. Civ. P. 23(b)(3).

The other requirement of Rule 23(b)(3) is that a class action must be superior to other available methods for fair and efficient adjudication of the controversy. Fed. R. Civ. P. Rule 23(b)(3). Rule 23(b)(3) provides several criteria for the court to use when determining class certification: 1) the class members' interests in individually controlling the prosecution or defense of separate actions; 2) the extent and nature of any litigation concerning the controversy already begun by or against class members; 3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and 4) the likely difficulties in managing a class action. *See* Fed. R. Civ. P. 23(b)(3)(A)-(D). In this case, there are potentially over 3,000 class members between the two classes. The grievances suffered by Class I and Class II members are common to all members and the proof that will be required in each case is the same for all Plaintiffs. At this point, no Plaintiffs have started litigation against Defendants outside of this class action. Plaintiffs hail from several regions of Mexico and are mostly indigent workers who are not likely able to afford litigation expenses on their own. Since all Plaintiffs share a common grievance against the same Defendants and the sources of proof will be the same for all members, a class action is the

appropriate and superior method for resolving this adjudication. Therefore, Plaintiffs have met all requirements for class certification under Rule 23(b)(3).

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiffs' Motion for Certification of Rule 23 Class Action is **GRANTED**. The following two classes are hereby certified:

Class I

All nonsupervisory workers employed by Defendants at any time between 2003 and the date of judgment in this matter who were employed pursuant to H-2A temporary work visas.

Class II

All nonsupervisory workers employed in the Defendants' packing shed operations at any time between 2003 and the date of judgment in this matter—irrespective of visa status—who did not receive overtime pay during workweeks when they worked more than forty (40) hours.

IT IS SO ORDERED, this 23rd day of March, 2010.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge