U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 2 2 2010

CHRIS R. JOHNSON, Clerk
By
     Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROSALINO PEREZ-BENITES,                                                       PLAINTIFFS
LUIS ALBERTO ASENCIO-VASQUEZ, and
PASCUAL NORIEGA-NARVAEZ,
Individually and on behalf of all others
Similarly situated,

VS.                          CASE NO. 1:07-cv-1048

CANDY BRAND, LLC,                                                              DEFENDANTS
ARKANSAS TOMATO SHIPPERS,
LLC., CHARLES SEARCY, RANDY
CLANTON, DALE MCGINNIS, AND
BROOKS LISENBEY

---

BRIEF IN SUPPORT OF
SEPARATE DEFENDANT, RANDY CLANTON'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

---

## I.  STANDARD FOR REVIEW

Pursuant to Federal Rules of Civil Procedure 56(c), summary judgment is appropriate if the record shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Dunlay v. Carnahan,* 132 F.3rd, 1234, 1237, (8th Circuit, 1997) ". . . the moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, any of which it believes demonstrate the absence of a genuine issue of material fact . . ." *Webb v. Lawrence County,* 144 F.3rd, 1131, 1134 (8th Circuit, 1998).

*Once the moving parties met the burden, the non-moving party simply cannot* rest on the mere denials of allegations in the pleadings; rather the non-moving party must set forth specific facts showing there is a genuine issue for trial. *Id at 1135*. Although the facts are viewed in a light most favorable to the non-moving party, ". . . in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over the facts that could actually affect the outcome of the lawsuit. . ." *id*. Plaintiffs allege that Randy Clanton as an individual violated the Fair Labor Standards Act, and specifically violated 29 U.S.C. Section 216 (b) the minimum wage and overtime provisions of the Fair Labor Standards Act as they apply to a group now defined as Class II Plaintiffs, more commonly defined as the shed workers, in this class action.

Plaintiffs also allege that Randy Clanton as an individual breached certain provisions in their employment contracts as to applies to all plaintiffs. As analyzed below, Randy Clanton as an individual does not meet the definition of an employer of the Class II Plaintiffs under the Fair Labor Standards Act and thus cannot be individually libel under the act. Separate defendant, Randy Clanton, does not concede he is an employer of Class I Plaintiffs only that there are genuine issues of fact as to that relationship and liability. Further, Randy Clanton as an individual did not enter into an employment contract by himself as to either Class I or Class II Plaintiffs and therefore, as a matter of statutory law (A.C.A. 4-32-304) the claims of breach of contract of both classes must be dismissed against Randy Clanton as an individual.

## II.  FSLA CLAIM OF CLASS II PLAINTIFFS

Randy Clanton was not an employer of the Class II shed worker plaintiffs as defined in the Fair Labor Standards Act and therefore, cannot be liable under the Act.

Plaintiffs allege that Randy Clanton is an employer, as defined in the FLSA, and violated applicable minimum wage standards for failing to pay overtime to the shed workers. See *plaintiffs' amended complaint, page twelve, paragraph fifty-nine*. Randy Clanton, as an individual, was not a member of the Candy Brand, L.L.C. entity. There exists no proof that Randy Clanton exercised the necessary control over the packing shed employees to subject him to personal liability for their overtime claims.

The Fair Labor Standards Act defines an employer as any person acting directly or indirectly in the interest of an employer in relation to an employee. *29 U.S.C. Section 203*. To decide if Randy Clanton is an employer of the shed workers, the courts look to several factors that clearly define what individuals can be considered employers under the Fair Labor Standards Act. *Goldberg v. Whitaker House Coop., Inc.*, 366 U. S. 28, 33 (1961) established the outline for making this determination. The Eighth Circuit Court of Appeals and Arkansas state courts for instance have held that an individual is an employer only if the individual had (1) control of hiring and firing of employees; (2) control of the manner in which the workers performed; and (3) could set or determine the employees' wages. *Dole v. Continental Cuisine, Inc.*, 751 F. Supp. 799, 802 – 803, (E.D. Ark. 1990); See *Wirtz v. Pure Ice Company,* 322 F.2d. 259 (8th Circuit 1963); *Fruco Construction Company v. McClelland*, 192 F.2d 241 (8th Circuit 1951). A case decided in the Eastern District of Arkansas, *Dole v. Continental Cuisine, Inc.,* 751 F. Supp. 799, 803 (E.D. Ark. 1990), applies these factors to find that in a similar situation

that an individual could not be found to be an employer when they did not hire and fire employees, control the methods of operation, or set hourly wages or control payroll, since those responsibilities were performed by another individual.

In accordance with the attached affidavit signed by Brooks Lisenbey's, attached as Exhibit A, and the deposition testimony of Charles Searcy attached as Exhibit B, Randy Clanton had no responsibility or authority in the packing shed. His area of responsibility and authority was limited to the workers in the field. **See Exhibit B, deposition testimony of Charles Searcy, pg. 60, line 25 through pg. 61, line 25; pg. 73, lines 9 through 12; pg 74, line 19 through pg. 75, line 10; pg. 297, line 18 through 22; pg. 340, line 25 through pg. 341, line 21.** There are no issues of material fact found in any of the numerous depositions taken that Randy Clanton had any direct supervision, authority, nor exercised any direct supervision or authority over the Class II shed workers. Dale McGinnis, who was a frequent visitor to the packing shed facility, stated Randy Clanton was more involved in farming. **See Exhibit C, deposition of Aubrey Dale McGinnis, pg. 224, lines 17 through 20.** The plaintiffs themselves in depositions stated that the shed supervisors were in charge in the shed and Randy Clanton would occasionally pass through the shed, but not give directions. **See Exhibit D, deposition of Jose Dolores Ramirez Reyes, pg. 26, line 21; pg. 27, line 4. See Exhibit E, deposition of Maria Mireya Cortes Gonzalez, pg. 53, line 13; pg. 54, line 14. See Exhibit F, deposition of Diego Arriaga Guzman, pg. 28, line 13 through 16; pg. 41, lines 11 through 13. See Exhibit G, deposition of Blas Burboa Leyva, pg. 24, lines 1 through 15. Exhibit H, deposition of Margarita Eloisa Plasencia, pg.**

**25, line 1; pg. 26, line 13. See Exhibit I, deposition of Jacqulyon Ware, pg. 25, line 7; pg, 27, line 16.**

As for determining the rate and method of payment, hiring and firing of employees, Charles Searcy stated in his deposition that he was solely in charge of these issues. In fact, Charles Searcy was the one who signed the Visa application, signed paychecks, employee contract, and would come and supervise the Arkansas Tomato Shippers supervisors in the packing shed. According to Charles Searcy, Randy Clanton had gone home from his work in the fields when he arrived to supervise the packing operation. As stated by Brooks Lisenbey in his affidavit, Randy Clanton had no authority in the shed and the shed supervisors were informed not to listen to him. The various circuits have developed additional tests to determine whether someone is an employer. The courts have analyzed whether the alleged "employer" had ownership of the property and facilities where the work occurred and whether the individual had investments and equipment at the facilities being used at the work site. *Rutherford Food Court v. McComb,* 331 U.S. App. 7730, 67 S.Ct. App. 1477; *Wirtz v. Lone Star Steel Company,* 405 F.2d 668, (5th Circuit 1968); *Real v. Driscoll Strawberry Associates, Inc.,* 603 F.2d 748, 754 – 755 (9th Circuit 1979).

From the testimony, it is clear that Randy had no ownership of the packing facility. Randy Clanton did have ownership of farm lands which were being used by Candy Brand, L.L.C., but the processing facility, packing shed, and equipment being used was owned by other entities. **(See Exhibit B, pg. 27, line 1 through 13; pg. 322, line 4; deposition testimony of Charles Searcy.)** The Eleventh Circuit in *Patel v. Wargo* case, 803 F.2d 632, 637 – 638 (11th Circuit 1986) stated the defendant could

have, if he had chosen, played a greater role in operations of the company, but in holding the defendant was not an employer the court focused on the actual role played. It is clear that Randy Clanton was not an employer of those individuals working in the packing shed facility. The question of Randy Clanton's FLSA liability should only be limited to a question of fact about those employees he directly supervised, or Class I of the plaintiffs. Those issues are ripe to be presented to a trier of fact, but there exists no question of fact as to a valid theory of recovery against Randy Clanton as a separate defendant by the Class II Plaintiffs.

### III.  BREACH OF CONTRACT CLAIM

Arkansas Annotated Section 4-32-304 states that ". . . except for the personal liability for acts or omissions of those providing professional services as set forth in Section 4-32-308, a person who is a member, manager, agent, or employee a limited liability company is not liable for a debt, obligation, or liability of the limited liability company, whether arising in contract, tort, or otherwise or for the acts or omissions of any other member, manager, agent, or employee of a limited liability company." The case law holds the same. The statutes prohibit suit by a third party against one member of a limited liability company for another member's actions. *N. W. Arkansas, Inc., v. Lowell Inv. Partners, L.L.C.*, 280 S.W.3rd 1, 373 Ark 14, (2008). Section 4-32-308 states that all individuals, rendering professional service, may be personally liable for any result of the individual's acts or omissions. No member, employee of a member, manager, or an employee of a limited liability company shall be personally liable for the acts or omissions of any other member, employee of a member, manager, or employee of the limited liability company.

The nature of the breach of contract claim is a state contract claim involving claims against a domestic limited liability company, Candy Brand, L.L.C. Nor did he sign a contract which he personally guaranteed anything to the plaintiffs. **See Exhibit B, deposition of Charles Searcy, pg. 94, lines 6 through 17.** Randy Clanton was not performing any professional services for Candy Brand L.L.C. nor did he sign a contract which he personally guaranteed anything to the plaintiffs. **See Exhibit B, deposition of Charles Searcy, pg. 94, line 6 through 17.** The Arkansas Statute cited above requires the dismissal of this claim as a matter of law.

## CONCLUSION

In light of the existence of no evidence of Randy Clanton's control or authority over the shed workers, this claim of individual liability against Randy Clanton as asserted by Class II Plaintiffs, must be dismissed as a matter of law against Randy Clanton. In addition since the contract claims are prohibited by statute, those of breach of contract must be dismissed as asserted by all plaintiffs and therefore, the question of Randy Clanton's liability should be limited at trial to FLSA claims by the Class I Field Workers who he arguably supervised.

Respectfully submitted,

F. Mattison Thomas, III
Attorney at Law
103 East Main, Suite D
El Dorado, Arkansas  71730
Telephone:   870-881-8468
Facsimile:   870-881-8416
email: matt@southarklegal.com


By: /s/ F. Mattison Thomas, III
Arkansas Bar No. 2002-007

## **CERTIFICATE OF SERVICE**

I, F. Mattison Thomas, III, certify that on the 16th day of July, 2010, I electronically filed the above and foregoing Brief in Support of Separate Defendant, Randy Clanton's Motion for Partial Summary Judgment with the Clerk of Court using the CM/ECF System, which will send notification of such filling to:

James M. Knoepp
Southern Poverty Law Center
233 Peachtree Street NE, Suite 2150
Atlanta, GA   30303

Daniel Werner
Southern Poverty Law Center
233 Peachtree Street NE, Suite 2150
Atlanta, GA   30303

Michelle Lapointe
Southern Poverty Law Center
233 Peachtree Street NE, Suite 2150
Atlanta, GA   30303

Edward Tuddenham
228 W. 137th Street
New York, NY   10030

John L. Burnett
Lavey & Burnett
904 W. 2nd Street
Little Rock, AR   72201

Mr. Paul Davidson
Davidson Law Firm
P. O. Box 1300
Little Rock, AR        72201

Mr. Hani W. Hashem
Hashem Law Firm
P. O. Box 739
Monticello, AR   71657

/s/ F. Mattison Thomas, III
F. Mattison Thomas, III