```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    EL DORADO DIVISION
```

ROSALINO PEREZ-BENITES,
LUIS ALBERTO ASCENCIO VAZQUEZ,
and PASCUAL NORIEGA NARVAEZ,
on behalf of themselves and
all other similarly situated,                              PLAINTIFFS


v.                              CASE NO. 07-1048


CANDY BRAND, LLC, ARKANSAS
TOMATO SHIPPERS, LLC, RANDY
CLANTON, BROOKS LISENBEY,
and CHARLES SEARCY                                         DEFENDANTS

## ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT

This matter is before the Court on the Plaintiffs' Motion for Final Approval of Class Action Settlement and Entry of Final Judgment. IT IS HEREBY ORDERED:

1. The Court previously granted preliminary approval to the class action settlement in this case on December 29, 2011. (Doc. 276). The Court held a final fairness hearing with respect to the class action settlement on March 27, 2012.

2. For purposes of the claims brought for breach of contract, which were previously certified by this Court for class action treatment pursuant to Federal Rule of Civil Procedure 23 (Docs. 173 & 174), the settlement covers the following classes of individuals:

> All nonsupervisory workers employed by Defendants at any time during the 2003 through 2007 tomato seasons who were employed pursuant to H-2A temporary work visas; and
>
> All nonsupervisory workers employed in the Defendants' packing shed operations at any time during the 2003 through 2007 tomato seasons—irrespective of visa status—who did not receive overtime pay during workweeks when they worked more than forty (40) hours.

3. All of the class members identified above were provided notice by mail of the pendency of this class action and an opportunity to exclude themselves, and were again provided notice by mail of the class action settlement and an opportunity to exclude themselves and/or file objections to the settlement. The Court finds that the notice given to the class satisfied the requirements of due process and Rule 23(e) of the Federal Rules of Civil Procedure.

4. There were twenty-six (26) individuals who filed exclusion forms with the Court prior to the settlement. As such, the following twenty-six (26) individuals, and only these twenty-six (26) individuals, are excluded from the class covered by the settlement and this final judgment Order: J. Rosario Perez Angeles, Luis Gomez Gomez, Nestor Reynoso Reyes, Herlindo Reynoso Reyes, Laurentino Mejia Rebolledo, Filiberto Diaz Cano, Yolanda Saucedo Fuentes, Elvis Fabricio Arjon, Arturo Andres Luna, Reyes Isidro Zavala, Ramon Santos Pascual, Felix Hernandez

Naranjo, Francisco Gambino Amaya, Eulogio Guillen Juarez, Barriga Juarez Pascual, Arturo Bismark Mata Talavero, Daniel Godinez Escamilla, Marco Antonio Trujillo Trujillo, Adam Wesley Green, Casie Jo Greenwood, Abdon Rodriguez Sanchez, Alejandro Duran Pineda, Vicente Moreno Saldana, Carlos Rodriguez Almanza, Rodolfo de la Cruz Ascencio, and Jason Brad Lisenbey.

5. No class members requested exclusion from the settlement by the March 27, 2012, deadline, and no request for exclusion have been received since the date of the final fairness hearing.

6. Notice was given that on January 6, 2012, the Defendants completed the mailing of the notices and documents required by the Class Action Fairness Act to the appropriate Federal officials and the appropriate State officials; entry of this order of final approval is not issued earlier than 90 days after the mailings.

7. The Court approves the settlement and its terms as fair, reasonable, and adequate, and approves the amounts to be paid to the Plaintiffs and the class members, as well as the costs and attorneys' fees to be paid to Class Counsel pursuant to the settlement.

8. Settlement Services, Inc., of Tallahassee, Florida, is appointed to act as the Settlement Administrator, pursuant to

the terms of the settlement, and will work under the direction of Class Counsel.

9.  By means of this Order, this Court hereby enters final judgment in this action, as defined by Federal Rule of Civil Procedure 58(a)(1).

10. Without affecting the finality of this final judgment in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the settlement.

11. The parties are hereby ordered to implement and comply with the terms of the settlement.

12. This action is dismissed with prejudice, subject to the terms of the settlement agreement.

**IT IS SO ORDERED** this 9th day of April, 2012.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge